No. 22,936.

M. G. BISSEY et al. (ROBERT C. CAMPBELL, *Appellant*), V. THE CITY OF MARION et al., *Appellees.*

OPINION MODIFYING JUDGMENT OF REVERSAL.

SYLLABUS BY THE COURT.

COMPETENT EVIDENCE—*Erroneously Rejected.* On facts stated in the opinion, *held,* that it was error to reject certain evidence, and that any circumstance tending to show the mental attitude of the city commissioners in respect to the completion of the bridge down to the time of the trial is competent because the nuisance complained of is a continuing one.

Appeal from Marion district court; ROSWELL L. KING, judge. Opinion modifying former judgment of reversal filed March 12, 1921. (For original opinion see ante, p. 252, 194 Pac. 918.)

*Stanley W. Howe,* of Florence, for the appellant.
*Braden C. Johnston,* of Marion, for the appellees.

The opinion of the court was delivered by

PORTER, J.: The plaintiff has filed a motion to have the judgment modified and certain questions determined with respect to the admissibility of testimony which the trial court excluded.

It was held in the opinion that the rejection of the evidence in question established the fact that the trial court in sustaining the demurrer to plaintiff's evidence proceeded upon an erroneous theory with respect to the cause of action and the rights of the plaintiff. In the opinion it was said:

"The nature of the action and the relief sought made the evidence showing the attitude of the present commissioners relevant and competent in every respect." (*Ante*, pp. 252, 256.)

Our attention is called to the fact which we had overlooked, that some of the rejected evidence, consisting of records, was first admitted but was afterwards excluded, and that certain other testimony which the court excluded was reproduced on the motion for a new trial. In view of the fact that the case must be tried again it is deemed proper to say that the testimony of the commissioner of finance and of the commissioner of streets, offered for the purpose of showing whether any estimates had been furnished them which included the cost of placing the bridge in condition for travel, should have been admitted. The same thing is true of the published reports of the city treasurer showing the balance on hand in different funds at various times. The plaintiff also offered testimony to show that in September, 1919, the commissioners authorized the mayor and city clerk to invest $5,000 of the water and light fund and $5,000 of the general fund in interest-bearing securities. It was error to reject this testimony. Those facts were competent because they tended to uphold the contention of the plaintiff that the commissioners in refusing to use available funds for the purpose of completing the approaches to the bridge acted from arbitrary and capricious motives and not in good faith. Some of the objections to this character of testimony were sustained because the testimony referred to matters occurring long after the action was brought. This was error. Any fact or circumstance tending to show the mental attitude of the city commissioners in respect to the completion of this bridge down to the time of the trial would be competent because the nuisance of which the plaintiff complains is a continuing one.

The judgment of reversal will be modified to conform to the views herein expressed.